Dr. Gerald L. HURST, Appellant,

v.

Richard W. FORSYTHE, Appellee.

No. 7682.

Court of Civil Appeals of Texas, Beaumont.

Oct. 30, 1975.

Rehearing Denied Nov. 21, 1975.

John O. MacAyeal, Dallas, for appellant.

John D. Gilliland, Dallas, for appellee.

STEPHENSON, Justice.

This is an appeal from a summary judgment in favor of defendant. Plaintiff, Dr. Gerald L. Hurst brought this action against defendant, Richard W. Forsythe, for damages for breach of contract. The parties will be referred to here as they were in the trial court.

The allegations in plaintiff's petition show the following: Defendant persuaded plaintiff to join with him and others to form a new corporation named Kinetics International Corporation (KIC). Plaintiff was to be the head scientist and devote his efforts to inventing a new explosive. Defendant agreed to see that plaintiff had a certain number of shares in the new corporation, and in addition "Forsythe agrees to exhibit best efforts to secure for Hurst from the KIC board an additional 33,000 shares of common [stock] within approximately one year which will be subject to the same restrictions of his employment contract as his initial stock with such efforts by Forsythe wholely [sic] dependent upon the performance, relationship with Forsythe and results of Hursts [sic] work during his first year of employment with such efforts by Forsythe to continue as long as feasible." This quoted paragraph was a part of a contract written by defendant in his own handwriting. It is the breach of this part of the contract which is made the basis of this cause of action.

Defendant's position in the trial court and here is that plaintiff executed a release of his cause of action, if he had one. The summary judgment pleadings and proof show that plaintiff invented a new explosive and because of that invention all of the stock in KIC was sold for $5,500,000. A stock acquisition contract was executed between all of the stockholders in KIC and Tyler Holding Corporation, and it is this instrument that defendant contends is a release of any cause of action plaintiff had. We do not agree.

■ There is nothing in that part of the stock acquisition contract which is in our record to indicate plaintiff was executing a release to defendant. There is nothing in such contract to show that defendant was named or otherwise specifically identified as being a person which plaintiff intended to release from a cause of action for damages for failure to secure additional stock. The Supreme Court of Texas in *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971), made it clear that this is the simple rule in Texas today.

◼ Defendant also contended in his motion for summary judgment that he was acting as an officer on behalf of KIC in making the contract sued upon. That the execution of that contract being an act of the corporation could not form the basis for any personal liability on his part. We do not agree.

We find nothing in the three page handwritten agreement to support that contention. The first sentence in the agreement reads: "This agreement is entered into between Richard W. Forsythe and Dr. Gerald L. Hurst." Then followed the quoted language whereby Forsythe agreed to use his best efforts to secure the additional 33,000 shares of stock. It is apparent that this was a contract with defendant personally, and not with KIC.

◼ The construction of the agreement here sued upon must be in accordance with the rules prescribed by our courts governing "good faith satisfaction of the employer" cases. The summary judgment proof shows defendant made no effort to secure additional stock for plaintiff, and defendant did not prove good faith dissatisfaction as a matter of law. See *Maxwell v. Cardinal Petroleum Corp.*, 471 S.W.2d 785 (Tex.1971).

Reversed and remanded.